**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-02069-CMA

BILL PEIRCE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

___

**ORDER AFFIRMING DENIAL OF SOCIAL SECURITY DISABILITY BENEFITS**
___

This matter is before the Court on review of the Commissioner's decision that denied Plaintiff Bill Peirce's applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-33 and 1380-83.  Jurisdiction is proper under 42 U.S.C. § 405(g).

Plaintiff was born in December 1968 and is currently 42 years old. (Administrative Record ("AR") at 35.)  He has a high school education and his past work included jobs as a maintenance repairer, store laborer, outside deliverer, and construction worker.  (AR at 38-43, 53.)  He alleged an onset disability date of August 8, 2007.  (AR at 140, 143.)

Plaintiff applied for disability insurance in November 2007 and for supplemental security income benefits in August, 2009.  (AR at 140-50.)  After his claims were initially

denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on November 18, 2009. (AR at 31-58.) Sandra Trudeau, a vocational expert ("VE"), testified at the hearing. She opined on two different hypothetical questions posed by the ALJ. In both hypothetical questions, the ALJ asked the VE to assume an individual the same age as Plaintiff, with the same education and work history. Hypothetical question one assumed an individual who retained the following residual functional capacity ("RFC"):

> [T]his individual can occasionally lift 10 pounds, frequently less than 10 pounds . . . with regular breaks, . . . this person can sit up to two hours per occasion, six hours a day[,] stand and walk combined 15 to 20 minutes per occasion, two to three hours in an eight hour work day . . . pushing/pulling would have to occur within the lift/carry limits . . . this person cannot climb ladders or scaffolds. This person should not work with or near open, dangerous, moving machinery, at unprotected heights, where driving is a requirement of the job or where walking on rocky surfaces is a requirement for the job . . . this person can occasionally climb ramps and stairs and occasionally stoop kneel, crouch, and crawl . . . this person can occasionally balance. This person should not be exposed to extreme cold more than occasionally and this person should not be exposed to vibration, especially that kind of vibration coming through the buttock or lower extremities more than occasionally.

(AR at 53-54.) The VE opined that this hypothetical individual could not perform Plaintiff's past work; however, the VE testified that such an individual could perform several unskilled sedentary occupations, including working as an order clerk, final assembler, and charge account clerk. (AR at 54-55.) In his second question to the VE, the ALJ modified the hypothetical by assuming an individual who:

> can sit for approximately 15 minutes per occasion, two hours a day[,] can stand 30 minutes per occasion four hours a day and walk 10 to 15

>minutes per occasion two hours a day . . . regular breaks that occur [at] approximately every two hour point in an eight hour work shift.[1]

(AR at 55-56.)  In response to this second hypothetical, the VE testified that such an individual could not perform any other work.

Following the hearing, the ALJ issued a decision on December 4, 2009, finding that Plaintiff was not disabled.  (AR at 5-30.)  Relevant to this appeal, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

>occasionally lift and carry 10 pounds and frequently less than 10 pounds. With regular breaks, he can sit up to 2 hours per occasion and 6 hours in an 8-hour workday and can stand and walk combined for 15 to 20 minutes per occasion and 2-3 hours in an 8-hour workday.  He can push/pull within the lift/carry limits.  He cannot climb ladders or scaffolds and he should not work with or near open dangerous moving machinery, at unprotected heights, where driving is a requirement of the job, or where walking on rocky surfaces is a requirement of the job.  He can occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, crawl and balance.  [He] should not be exposed to extreme cold more than occasionally and should not be exposed to vibration, especially vibration coming through the buttocks or lower extremities more than occasionally.

(AR at 12.)  The limitations contained within this RFC assessment were essentially identical to the limitations of the hypothetical individual from the ALJ's first question to the VE.  Based on the VE's testimony, the ALJ found that, although Plaintiff did not have the RFC to perform any of his past relevant work, Plaintiff could perform other work that existed in the national economy.  (AR at 23-25.)

---

[1] The rest of the limitations in the second hypothetical question were identical to the limitations in the first question.

The Appeals Council denied Plaintiff's request for review on July 12, 2010. (AR at 1-2.) On August 26, 2010, Plaintiff filed a civil action, seeking judicial review of the denial of Social Security benefits. (Doc. # 1.) The Social Security Administrative Record was filed with this Court on October 26, 2010. (Doc. # 8.) On December 12, 2010, Plaintiff filed his Opening Brief. (Doc. # 18.) Defendant, the Commissioner of Social Security, responded on January 3, 2011, and Plaintiff replied on January 20, 2011. (Doc. ## 19, 21.)

In this appeal, Plaintiff does not challenge the ALJ's RFC assessment. Rather, Plaintiff's sole challenge concerns the ALJ's finding that Plaintiff could perform other work in the national economy.

## I. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In so reviewing, the Court may neither re-weigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

## II. ANALYSIS

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled.  At step five, the ALJ must decide whether the claimant can perform any other gainful and substantial work that exists in the national economy. The Commissioner has the burden at step five of showing that the claimant is capable of performing such work.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  This determination is made on the basis of the claimant's age, education, work experience, and RFC.  20 C.F.R. § 404.1520(g)(1).  The only issue in this case is whether the ALJ's step five determination that Plaintiff could perform other work was supported by substantial evidence.

Plaintiff contends that the ALJ's decision was not supported by substantial evidence because the VE testified that no work existed in the national economy for the individual assumed in the second hypothetical question.  However, the limitations included in the second hypothetical question were more restrictive than the limitations contained in the RFC that the ALJ found to be applicable to Plaintiff.  (*Compare* AR at 12 *with* AR at 55-56.)  The first hypothetical question posed by the ALJ, on the other hand, assumed Plaintiff's age, education, work experience, and mirrored the limitations of the ALJ's RFC assessment.  (*Compare* AR at 12 *with* AR at 53-54.)  The VE testified that an individual with those limitations could perform several unskilled sedentary occupations, including working as an order clerk, final assembler, and charge account clerk. (AR at 54-55.)  Thus, the VE's answer to the first hypothetical question provided a proper basis for the ALJ's disability decision.  *Sayles v.* Astrue, 275 F. App'x 790, 793 (10th Cir. 2008) (unpublished); *Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000).

### III. CONCLUSION

This Court finds that the ALJ's determination that Plaintiff was not disabled was supported by substantial evidence. Accordingly, the ALJ's denial of social security disability and supplemental income benefits is AFFIRMED. Each party shall bear his own costs and attorneys' fees.

DATED: April  11 , 2011

BY THE COURT:

*[signature: Christine M Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge